UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP J. VOLTA, III,
          Plaintiff

                        SUMMARY ORDER

-vs-

                        09-CV-6376 CJS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.
_____

   This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied Philip Volta's ("Plaintiff") application for disability insurance benefits ("SSDI"). Now before the Court is Defendant's motion [#10] for judgment on the pleadings, and Plaintiff's cross-motion [#12] for the same relief. For the reasons that follow, Plaintiff's motion is granted and Defendant's motion is denied.

   The facts and applicable legal standards were set forth in the parties' briefs and need not be repeated here. Plaintiff claims to be disabled due to pain in his lumbosacral spine. The Administrative Law Judge ("ALJ") found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, and is therefore not disabled. In this action, Plaintiff contends that the ALJ's decision is not supported by substantial evidence, and is affected by legal error, because the ALJ misapplied the treating physician rule, and also incorrectly assessed Plaintiff's credibility.

   With regard to the ALJ's alleged misapplication of the treating physician rule, Plaintiff focuses almost exclusively on the fact that the ALJ did not accept Dr.

1

Dobrzynski's ("Dobrzynski") conclusion that Plaintiff is "disabled." However, the ALJ did not err in that regard, since the determination of whether a claimant is disabled is reserved to the Commissioner. *See, e.g., Arruda v. Commissioner of Social Sec.*, No. 08-3128-cv, 363 Fed. Appx. 93, 96, 2010 WL 324002 at *2 (2d Cir. Jan. 29, 2010) ("[A] decision as to whether a claimant is 'disabled' is an administrative finding reserved to the Commissioner, and a statement by a treating source that a claimant is disabled should not be disregarded, but is not entitled to controlling weight or special significance.") (citing SSR-96-5p (July 2, 1996)).

However, an ALJ cannot disregard a treating physician's medical opinions without a good reason. Here, the ALJ claims in his decision that he gave "significant weight" to Dobrzynski's medical opinions, concerning Plaintiff's ability to lift, sit, and stand, when he formulated Plaintiff's RFC. Specifically, the ALJ states that he gave great weight to exhibits 13 and 14F, which are, respectively, a report completed by Dobrzynski in January 2007 (Record pp. 239-242) and Dobrzynski's notes and reports for years 2007 and 2008. The ALJ found, purportedly based on these records, that Plaintiff has an "unlimited" ability to sit. In that regard, it is true that in his January 2007 report (239-242), Dobrzynski did not indicate how long Plaintiff could sit, though he indicated that Plaintiff needed to change his position frequently.

However, Exhibit 14F includes an RFC report that Dobrzynski completed on October 1, 2008 (Record pp. 248-251), which states, *inter alia*, that Plaintiff can sit less than 6 hours in an 8-hour workday. (249). In the same report, Dobrzynski states that Plaintiff can walk and/or stand for less than 2 hours in an 8-hour workday. (248) Consequently, the report indicates that Plaintiff can stand/walk and sit for less than 8

2

hours in an 8-hour workday. The ALJ, in his decision, referred to this report, but did not accurately describe its contents. Specifically, according to the ALJ, Dobrzynski indicated that Plaintiff's ability to sit was affected because Plaintiff had to periodically alternate between sitting and standing, but the ALJ did not refer to Dobrzynski's statement that Plaintiff can sit for less than 6 hours. (Record at 28, ALJ Decision, 2nd full paragraph). This was an error, because the ALJ was required to explain why he did not credit Dobrzynski's opinion on this point. *See*, *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("[A]n ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). . . . The regulations also specify that the Commissioner 'will always give good reasons in [his] notice of determination or decision for the weight [he] give[s] [claimant's] treating source's opinion.' *Id*.; *accord* 20 C.F.R. § 416.927(d)(2); *see also Schaal [v. Apfel]*, 134 F.3d [496,] 503-504 [(2d Cir. 1998)] (stating that the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion)"). On remand, the ALJ should re-evaluate the medical evidence in light of this discussion. The ALJ should also obtain updated medical records. For example, Dr. Capicotto's ("Capicotto") records are from the period 2004-2005, while Plaintiff had insured status through September 30, 2009. (24)

The ALJ also erred in judging Plaintiff's credibility. The ALJ stated that Plaintiff was not credible for the following reasons: 1) Plaintiff went to baseball games in 2007 and stayed for at least part of the games; 2) Plaintiff did not seek job retraining; 3) Plaintiff did not seek additional medical treatment such as epidural injections; and 4)

3

Plaintiff was evasive about his daily activities. As for Plaintiff's "daily activities," the ALJ did not explain how Plaintiff was being evasive. As for epidural injections, in 2004, Capicotto stated that he offered Plaintiff the option of continuing conservative care and having epidural injections, or having surgery, and plaintiff opted for surgery. (183) On April 24, 2007, Dobrzynski noted that Plaintiff was considering having epidural steroid injections (256), and in June 2007 Dobrzynski indicated that he was encouraging Plaintiff to talk to Capicotto about either scheduling surgery or having epidural steroids. (257). Subsequently, it appears that Plaintiff opted for surgery, but that Capicotto told him that he would have to wait, because Plaintiff needed multi-level disc fusion, which is not yet an approved procedure. (212) At the hearing, the ALJ did not ask Plaintiff about the epidural steroid option, or give Plaintiff a chance to explain why he did not have that treatment. As for Plaintiff's failure to seek job retraining through VESID, it is unclear why he would seek such training, if he is unable to even sit and/or stand for a full 8-hour workday.

And finally, it is not clear why the ALJ found Plaintiff incredible, based on the fact that Plaintiff attended parts of baseball games. At the outset, Plaintiff's testimony was unclear regarding the dates that he traveled to Florida and attended baseball games. (338). Nevertheless, Plaintiff indicated that the last time he went to Florida, he did not attend baseball games, because his back hurt too much. The ALJ found that such statement was contradicted by a doctor's note, which indicated that, while in Florida, Plaintiff could not do his usual routine, which consisted of staying for entire games and getting autographs. The ALJ interpreted such statement to mean that Plaintiff attended parts of some baseball games, even if he did not stay for the entire games. However,

the statement could also mean that Plaintiff did not attend games at all, which is consistent with Plaintiff's testimony. Moreover, even assuming that Plaintiff attended baseball games, the record does not indicate how long he stayed. Plaintiff testified that he can sit for up to 2 hours. The fact that someone attends a baseball game and stays for a period of time does not necessarily mean that they can perform work, eight hours per day, five days per week, on a continual basis. *See*, Social Security Ruling 96-9p, 1996 WL 374185 at *2 (S.S.A. Jul. 2, 1996) ("RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule.") On remand, the ALJ should re-evaluate Plaintiff's credibility, in light of this discussion and the factors set forth in 20 C.F.R. § 404.1529.

## CONCLUSION

Defendant's motion [#10] is denied, Plaintiff's cross-motion [#12] is granted, and this matter is remanded to the Commissioner for a new hearing pursuant to 42 U.S.C. § 405(g), sentence four. Since this is the second time that this matter has been remanded (75-77A), the Commissioner will presumably expedite the re-hearing of this matter.

Dated: Rochester, New York
      December 2, 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge